Brassard, J.
Plaintiff, Alan Miller (“Mr. Miller"), brings this action claiming (1) violation of G.L.c. 151, §1 et seq.; (2) wrongful termination; and (3) violation *61 of G.L.c. 149, §148A against defendant, Trinity Oil Company, Inc. (‘Trinity”). Trinity has now filed a motion for summary judgment on the grounds that the counts are barred by the applicable statutes of limitation, that there has been no public policy exception breached, and that Mr. Miller does not have a private cause of action pursuant to G.L.c. 149, §148A. For the reasons set forth below, defendant’s motion is ALLOWED in part and DENIED in part.
BACKGROUND
Viewing the facts in the light most favorable to the nonmoving party, Mr. Miller, the undisputed facts are as follows:
Trinity hired Mr. Miller to work as an oil driver in 1985. From 1985 through August 3 1, 1993, Trinity classified Mr. Miller as an independent contractor; therefore, rather than being paid a salary, Mr. Miller was paid on the basis of the number of gallons of oil he delivered to customers less the amount of fuel expenses. Mr. Miller was responsible for his own taxes. Trinity did not provide him with employment benefits, such as overtime, paid vacation, holidays, sick days, or health insurance. During this time, Mr. Miller was an at-will employee.
In 1993, the Department of Employment & Training conducted an audit of Trinity. As a result of the audit, on August 31, 1993, Trinity changed Mr. Miller’s status from an independent contractor to an employee. Once that change occurred, the terms of Mr. Miller’s employment were spelled out in a letter dated August 1993. In describing the benefits that Mr. Miller would receive, the letter referred to the employee manual, acknowledging, however, that the manual is occasionally amended. From 1993 to the date of his termination, Mr. Miller continued to be an at-will employee.
Due to some confusion regarding his tax status, in February 1995, Mr. Miller contacted the Internal Revenue Service (“IRS”) and requested that it determine whether he had been improperly classified as an independent contractor from 1985 through August 31, 1993. In August 1995, the IRS ruled that Mr. Miller should be classified as an employee, and thus had, in fact, been misclassified from 1985 through August 31, 1993. As a result of this information, Mr. Miller learned that because he was erroneously considered an independent contractor between 1985 and August 31, 1993, he had been paying self-employment taxes that he would not have had to pay if he had been classified as an employee.
Prior to his termination, Mr. Miller requested in writing that Trinity pay him $45,063 to cover the self-employment tax that, due to the misclassification, Mr. Miller had wrongfully been required to pay, as well as fuel costs and certain penalties and interest. Trinity never agreed to reimburse Mr. Miller for either the fuel expenses or the self-employment taxes. As a result of Mr. Miller demanding that Trinity reimburse him for self-employment taxes and fuel expenses, Trinity fired Mr. Miller on April 17, 1996.
Trinity did not pay Mr. Miller overtime from 1992-1994, and a portion of 1995. Trinity paid Mr. Miller overtime from September 1995 through the date of his termination in April 1996. No overtime was incurred from June 1995 to September 1995, because during the summer season, Mr. Miller was only required to work three days per week. As a result of the misclas-sification, from 1985 through August 31, 1993, Trinity did not pay or credit Mr. Miller approximately $27,031.00 in holiday, vacation, and sick days, and approximately $30,292.00 in health insurance contributions. Further, Trinity did not make 401(k) contributions for Mr. Miller.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. For purposes of clarity, this court will address each of plaintiffs counts separately.
Violation of G.L.c. 151, §1, et seq.
Mr. Miller contends that Trinity violated G.L.c. 151, §1A by failing to pay him overtime during the winter months between 1992 and 1995 when he worked more than forty hours perweek. G.L. 151, §1A provides that “no employer in the Commonwealth shall employ any of his employees..., for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and a half times the regular rate at which he is employed.” Pursuant to G.L.c. 151, §1B, an employee who does not receive overtime compensation can recover in a civil action three times the full amount of such overtime rate less any amount actually paid by the employer, together with such costs and reasonable attorneys fees that are allowed by the court. Such civil actions must be filed within two years from the accrual of the cause of action. G.L.c. 151, §20A. Mr. Miller filed this lawsuit in June 1997. His complaint alleges that Trinity failed to pay him overtime compensation from 1992 to 1995.[1] Because his cause of action does not fall within the prescribed two-year statute of limitations, this claim is time barred. G.L.c. 151, §20A.
*62 Plaintiff contends that the applicable statute of limitations was tolled by the “discovery rule” until August 1995 when the IRS concluded that his employment status had been misclassified. The discovery rule only applies when the cause of action is not capable of being discovered because it is based on an “inherently unknowable” wrong. International Mobiles Corp. v. Corron & Black/Fairfield & Ellis, Inc., 29 Mass.App.Ct. 215, 222 (1990). In such cases, the discovery rule tolls the accrual date of the statutory period until the injured parly knows or should know the facts giving rise to the cause of action. Id.
In this case, Mr. Miller admits that he knew that he did not receive overtime compensation for the period in question. Mr. Miller argues that although he was aware that he was not receiving overtime compensation, until he received notification from the IRS, he was unaware that by not paying him overtime, Trinity had committed a wrongful act. However, the discovery rule does not toll the statute of limitation when plaintiff is unaware of the law, rather, the rule delays accrual of a cause of action until the plaintiff learns about the facts giving rise to the injury. International Mobiles Corp., supra at 222. Thus, the fact that Mr. Miller was unaware that Trinity’s conduct was actionable does not toll the accrual date of the statutory period. Id. Accordingly, the discovery rule is inapplicable and Mr. Miller’s claim for overtime compensation is barred by the statute of limitations. Id.
Violation of G.L.c. 149, §148
Although not expressly pled in the complaint, Mr. Miller is seeking other employment benefits which he would have obtained from 1985 through August 31, 1993, had he been appropriately classified as an employee rather than as an independent contractor. Assuming that Trinity had a legal obligation to provide these benefits, any claim for such benefits is subject to a three-year statute of limitations set forth in the state wages and hours statute. G.L.c. 149, §150.[2] Mr. Miller filed his claim more than three years after accrual of the cause of action; therefore, this claim is barred by the applicable statute of limitations. Id.[3]
Common Law Wrongful Termination
Mr. Miller alleges that he was terminated for attempting to assert his legal rights and therefore, this termination violates an established public policy. Trinity contends that even if Mr. Miller was terminated for this reason, it does not constitute a violation of public policy because it does not fit into any of the exceptions delineated by case law. See Upton v. JWP Businessland, 425 Mass. 756, 757 (1997). Mr. Miller was an at-will employee. Subject to a public policy exception, the general rule is that an at-will employee may be terminated at any time for any reason or no reason at all. id. However, liability may be imposed upon an employer if an at-will employee is terminated for a reason that violates a clearly established public policy. Id. The public policy exception makes redress available to employees who are terminated for asserting a legal right, for doing what the law requires, or for refusing to disobey the law. Id.
Prior to his termination, Mr. Miller asked Trinity to reimburse him for fuel expenses, self-employment taxes, and associated interests and penalties (Letter to Ms. Gardner dated 4/11/96). Moreover, although not necessarily demanding compensation, Mr. Miller asserts that he made Trinity aware that due to his misclassification, he had been deprived of certain employment benefits for approximately eight years. (Deposition of Alan Miller, p. 119.)[4] Mr. Miller contends that he had a legal right to assert these claims and therefore, the aforementioned public policy exception is applicable. This court agrees.
During the entire period that Mr. Miller was misclassified, he payed his own self-employment taxes. Under the Social Security Act, Trinity would have been legally obligated to pay a portion of Mr. Miller’s payroll taxes had he been appropriately classified as an employee rather than an independent contractor. Therefore, by demanding reimbursement for self-employment taxes, Mr. Miller was, in fact, asserting a legal right, supra at 757. Accordingly, Mr. Miller’s claim for wrongful termination may go forward.
Violation of G.L.c. 149, §148A
Mr. Miller has also asserted that he was terminated in retaliation for his intention to assert his rights under the Massachusetts wage and hours laws. G.L.c. 149, §§148 and 148A. Pursuant to G.L.c. 149, §148A, “no employee shall be penalized by an employer in any way as a result of any action' on the part of the employee to seek his or her rights under the wages and hours provision of this chapter.” Trinity contends that no private right of action exists for a violation of this statute. To the extent that Trinity may have violated G.L.c. 149, §148A and Mr. Miller was wrongfully terminated for asserting his rights pursuant to this statute, the public policy exception to the common law wrongful termination claim would be triggered.[5] Accordingly, this court need not reach the issue of whether G.L.c. 149, §148A provides for a separate private cause of action.
Moreover, Trinity contends that Mr. Miller did not assert his rights under G.L. 149 until after he was terminated and therefore G.L.c. 149, §148A is inapplicable. Mr. Miller asserts that although he did not demand reimbursement under this statute, he certainly expressed his intention to do so by telling his manager, Maureen Kelley-Dembitz, that he had also been entitled to other benefits during the period that he was misclassified (Deposition, p. 119-20). Accordingly, whether Mr. Miller actually asserted his rights under G.L.c. 149 is a question of fact and therefore cannot be appropriately resolved pursuant to a motion for summary judgment.[6]
*63 ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED as to the G.L.c. 151, §1 et seq. and G.L.c. 149, §148 claims and DENIED as to the wrongful termination claims.

 Due to the nature of his employment responsibilities, Mr. Miller did not work overtime during the summer months so he alleges that he is entitled to overtime compensation for the winter months of 1995, approximately only the first three or four months.

 An employee claiming to be aggrieved by a violation of §148 . . . may at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf..."

 Mr. Miller relies on the discovery rule asa means of tolling the accrual of the statutory period until August 1995. For the same reasons set forth in the count alleging a violation of G.L.c. 151, §1 etseq., the discovery rule is inapplicable in this situation.

 This is a fact which Trinity disputes; however, it is not material for purposes of deciding whether summary judgment is appropriate as to this claim because it is undisputed that Mr. Miller asserted a claim for self-employment taxes.

 The public policy exception makes redress available to employees who are terminated for asserting a legal right. Upton, supra.

 The fact that Mr. Miller’s underlying G.L.c. 149, §148 claim is barred by the statute of limitations does not affect this court’s conclusion as to the wrongful termination based on the assertion of rights pursuant to G.L.c. 149, §148.